UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
CRISTOBAL MAXIMO ECHEVARRIA,
individually and on behalf of all
others similarly situated,                          MEMORANDUM & ORDER
                                                    21-CV-4959 (JS)(ARL)
              Plaintiff,

     -against-

ABC Corporation d/b/a ATTILIO
CONSTRUCTION, and ATTILIO
CASSETTA, as an individual,

              Defendants.
--------------------------------X
APPEARANCES
For Plaintiff:        Roman M. Avshalumov, Esq.
                      Avraham Y. Scher, Esq.
                      James Patrick Peter O'Donnell, Esq.
                      Helen F. Dalton & Associates, P.C.
                      80-02 Kew Gardens Road, Suite 601
                      Kew Gardens, New York 11415

For Defendants:       No appearances


SEYBERT, District Judge:

        On September 2, 2021, Cristobal Maximo Echevarria
("Plaintiff") commenced this action against ABC Corporation d/b/a
Attilio Construction ("ABC") and Attilio Cassetta ("Cassetta")
(collectively, "Defendants"), seeking damages for unpaid overtime
wages under the Fair Labor Standards Act ("FLSA"), and the New
York Labor Law ("NYLL"), as well as violations of the wage notice
and wage statement requirements pursuant to NYLL §§ 195(1) and
195(3). (See generally, Compl., ECF No. 1.)

Despite proper service, Defendants failed to file an answer or otherwise respond to the Complaint; therefore, upon request, on September 22, 2022, the Clerk of Court issued certificates of default against them. By Notice of Motion dated January 3, 2023, Plaintiff moved for default judgment. For the reasons that follow, Plaintiff's Motion is GRANTED IN PART AND DENIED IN PART.

<u>BACKGROUND</u>

"Plaintiff . . . was employed by Defendants at 'ABC Corporation' D/B/A Attilio Construction., from in or around June 2019 until in or around July 2020." (Compl. ¶ 18.) Cassetta "owns and operates" ABC. (<u>Id.</u> ¶ 11.) Upon information and belief Cassetta "is an agent" of ABC who has power: "over personnel decisions [and] payroll decisions"; and "to hire and fire employees"; "[to] establish, and pay [employees'] wages"; to "set their work schedules"; and "[to] maintain[] their employment records." (<u>Id.</u> ¶¶ 11-15.) "During Plaintiff['s] . . . employment by Defendants[,] . . . Plaintiff's primary duties were as a laborer, construction worker, and performing other miscellaneous duties." (<u>Id.</u> ¶ 19.) During his employment with Defendants, Plaintiff was paid a flat rate of "approximately $160.00 per day," (<u>id.</u> ¶ 20), and "worked approximately sixty-nine (69) hours or more . . . per week[.]" (<u>Id.</u> ¶ 21.) "Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty[.]"

(Id. ¶ 22.)  In addition to unpaid overtime, during the course of his employment by Defendants, Plaintiff alleges he was underpaid wages in the sum of $4,940.00.  (Id. ¶ 23.)  Cassetta, "confirmed to Plaintiff that he owed him this amount when Plaintiff's employment ended due to the aforementioned underpayments."  (Id.)

In addition to his overtime complaints, Plaintiff alleges, "[u]pon information and belief, Defendants willfully": (1) "failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment"; and (2) "failed to keep accurate payroll records."  (Id. ¶¶ 24, 25.)

PROCEDURAL HISTORY

Plaintiff's September 2, 2021 Complaint alleges four causes of action: (1) willful failure by Defendants to pay Plaintiff overtime wages in violation of 29 U.S.C. §§ 206(a), 207(a)(1) of the FLSA; (2) failure to pay "overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under" NYLL § 652, "in violation of 12 N.Y.C.R.R. 137-1.3[]"[1]; (3)

---

[1] Plaintiff further contends that:

> [d]ue to Defendants' [NYLL] violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as reasonable

violation of the notice and recordkeeping requirements of NYLL § 195(1); and (4) violation of the wage statement requirements of NYLL § 195(3). (Id. ¶¶ 39-55.)

Plaintiff's Summons and Complaint were served upon Cassetta on January 12, 2022, at "72 Maple Road, Inwood, New York 11098" (the "Maple Road Address"). (Cassetta Executed Summons, ECF No. 12.) Likewise, ABC was served on January 21, 2022, also at the Maple Road Address. (See ABC Executed Summons, ECF No. 13.) Neither Cassetta nor ABC filed an answer or otherwise responded to the Complaint within the time to do so. (See Case Docket, in toto.)

On August 30, 2022, this Court issued an Order to Show Cause ("OTSC"), stating:

> On September 2, 2021, Plaintiff filed a complaint against Defendants ABC Corporation and Attilio Cassetta, alleging violations of the FLSA and NYLL. According to the docket, on January 17 and January 26, 2022, Plaintiff served Cassetta and ABC Corporation, respectively, with summons and a copy of the complaint. As a result, Defendants were obligated to answer the complaint [o]n February 2022. However, to date, Defendants have not answered the Complaint. Nor has Plaintiff initiated default proceedings. In short, this case has been dormant since January of this year.

_____

attorneys' fees and costs of the action, including interest in accordance with [NYLL] § 198(a-1).

(Compl. ¶ 49.)

> Therefore, <u>on or before September 13, 2022</u>,
> Plaintiff is ORDERED to show cause, in
> writing, why this case should not be dismissed
> for failure to prosecute.

(Aug. 30, 2022 Elec. OTSC (emphasis in original).).  Thereafter, Plaintiff requested an extension of time in which to request certificates of default from the Clerk of Court and to file the instant Motion.  (<u>See</u> Letter Responding to OTSC, ECF No. 14.) Plaintiff's request was granted.  (<u>See</u> Sept. 14, 2022 Elec. Order.)

On September 22, 2022, Plaintiff requested, and was issued, certificates of default.  (<u>See</u> Req. for Cert. of Default, ECF No. 15; Clerk's Entry of Default, ECF No. 16.)  On January 3, 2023, the instant Motion was filed (<u>see</u> Motion, ECF No. 17); the Motion and all supporting documentation was served on Defendants on January 4, 2023.  (Aff. of Serv., ECF No. 20.)

DISCUSSION

I.   <u>Legal Standard</u>

"Federal Rule of Civil Procedure 55 is the basic procedure to be followed when there is a default in the course of litigation."  <u>Vt. Teddy Bear Co. v. 1-800 Beargram Co.</u>, 373 F.3d 241, 246 (2d Cir. 2004).  "Rule 55 provides a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment."  <u>City of N.Y. v. Mickalis Pawn Shop, LLC</u>, 645 F.3d 114,

5

128 (2d Cir 2011) (quoting New York v. Green, 420 F.3d 99, 104 (2d Cir.2005).

Entry of default is appropriate where a "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). A defendant's default constitutes "an admission of all well-pleaded allegations against [it]." Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004); Mickalis Pawn Shop, 645 F.3d at 128 ("The first step, entry of a default, formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff.").

Upon the satisfaction of the first step, the second step of Rule 55 must then be satisfied. "The second step, entry of a default judgment [pursuant to Rule 55(b)], converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." Mickalis Pawn Shop, 645 F.3d at 128. When determining whether default judgment is warranted, the court reviews a plaintiff's allegations to decide whether said allegations establish a defendant's liability as a matter of law. See Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009); see also A&B Alt. Mktg. v. Int'l Quality Fruit Inc., 521 F. Supp. 3d 170, 175–76 (E.D.N.Y. 2021) ("It is hornbook law that on a motion for

default judgment, the well-pleaded allegations of the complaint pertaining to liability are accepted as true." (citing Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992))).

II.   Analysis

    A.   Service of Process and Default

       As a threshold matter, the Court makes the following findings.  The record reflects that proper service was made on Defendants.  (See Cassetta Executed Summons; ABC Executed Summons.)  As noted, review of the Case Docket establishes that no answer, motion or other appearance was filed by or on behalf of Defendants.  (See Case Docket, in toto.)  Further, the Clerk of Court properly entered notations of Defendants' default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.  (See Clerk's Entry of Default.)

    B. Liability

      1. As to FLSA

       To establish liability under the FLSA, Plaintiff must prove: "(1) the defendant is an employer subject to . . . [the] FLSA; (2) the plaintiff is an 'employee' within the meaning of . . . [the] FLSA; and (3) the employment relationship is not exempted from . . . [the] FLSA." Sanchez v. Ms. Wine Shop Inc., No. 22-CV-2178, 2022 WL 17368867, at *4 (E.D.N.Y. Nov. 30, 2022)

(quoting <u>Payamps v. M&M Convenience Deli & Grocery Corp.</u>, No. 16-CV-4895, 2018 WL 3742696, at *4 (E.D.N.Y. May 18, 2018)).

### a) <u>ABC is an Employer Subject to the FLSA</u>

"An employer is subject to both the minimum wage and overtime provisions of the FLSA if (1) [its] employees are 'engaged in commerce,' or (2) the employer is an enterprise engaged in commerce.'" <u>Id.</u> (quoting 29 U.S.C. §§ 206, 207). "These two types of coverage are called 'individual' and 'enterprise' coverage, respectively." <u>Jacobs v. N.Y. Foundling Hosp.</u>, 483 F. Supp. 2d 251, 257 (E.D.N.Y. 2007). "Enterprise coverage exists where an employer has (1) 'employees engaged in commerce or in the production of goods for commerce'; and (2) an 'annual gross volume of sales made or business done' equal to or greater than $500,000." <u>Yang v. Zhou's Yummy Rest., Inc.</u>, No. 19-CV-5203, 2023 WL 2347885, at *5 (E.D.N.Y. Mar. 3, 2023) (citing 29 U.S.C. § 203(s)(1)(A)).

Here, Plaintiff alleges that:

> On information and belief, 'ABC Corporation' D/B/A Attilio Construction, is at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or materials that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

8

(Compl. ¶ 17.)   While these allegations, on their face, appear conclusory, "[m]ultiple courts in this district have held that similarly conclusory allegations of enterprise coverage may be accepted on a motion for default judgment where it may be inferred from the type of business enterprise that it was engaged in interstate commerce." Remache v. Mac Hudson Grp., No. 14-CV-3118, 2018 WL 4573072, at *4 (E.D.N.Y. Sept. 7, 2018), report and recommendation adopted, 2018 WL 4568860 (E.D.N.Y. Sept. 24, 2018); see also, e.g., Santos v. Cauncun & Cancun Corp., No. 21-CV-0192, 2022 WL 1003812, at *4 (E.D.N.Y. Feb. 17, 2022) (finding that while the complaint's allegation were conclusory, enterprise coverage could be inferred since a Mexican restaurant "handles a wide range of ingredients and supplies that travel[] through interstate commerce"); Cabrera v. Canela, 412 F. Supp. 3d 167, 173-74 (E.D.N.Y. 2019) (finding defendant's "restaurant has a kitchen and a bar and does more than $500,000 in annual business[,]" and, as such, "[i]t is eminently reasonable to infer that [d]efendants employ workers who handle materials that have traveled in interstate commerce"); Rodriguez v. Almighty Cleaning, Inc., 784 F. Supp. 2d 114, 121 (E.D.N.Y. 2011) (finding it "logical to infer" that "cleaning supplies utilized by the [p]laintiffs originated outside of New York" and, as such, plaintiff's "[c]omplaint . . . fairly alleges that the [d]efendants are an 'enterprise engaged in commerce.'") Courts in this district have

also previously determined that the construction business "is [the] type [of business] that is typically involved in interstate commerce." Remache, 2018 WL 4573072, at *4; accord Klimchak v. Cardrona, Inc., No. 09-CV-4311, 2014 WL 3778964, at *5 (E.D.N.Y. July 31, 2014) ("Since plaintiffs[] alleged in the complaint that defendants . . . operated a construction business, the undersigned can infer from the nature of this business that plaintiffs handled goods and materials that moved in interstate commerce."); Wing Kwong Ho v. Target Constr. of N.Y., Corp., No. 08-CV-4750, 2011 WL 1131510, at *8 (E.D.N.Y. Mar. 28, 2011) (finding construction workers' use of equipment that could have been transported across state lines met the enterprise coverage requirement). Consequently, by the nature of the construction business, the court logically infers Plaintiff has established the first element of Enterprise Coverage in that Plaintiff and ABC's other employees have handled goods and materials that moved in interstate commerce as part of their work for ABC.

        Likewise, Plaintiff's allegation that Defendant "had an annual gross volume of sales of not less than $500,000.00" is sufficient on a motion for default judgment to establish the second element of enterprise coverage. See Herrera v. Tri-State Kitchen and Bath, No. 14-CV-1695, 2015 WL 1529653, at *3 (E.D.N.Y. Mar. 31, 2015) (citing Jones v. E. Brooklyn Sec. Servs. Corp. et al., 11-CV-1021, 2012 WL 3235784, at *4 (E.D.N.Y. Aug. 7, 2012) (finding

plaintiffs' allegation that defendant met the $500,000 threshold sufficiently established the second element of enterprise coverage on default judgment motion)).  Consequently, the Court finds that Plaintiff has sufficiently established that Defendant, ABC, is an employer subject to the provisions of the FLSA.

   b) <u>Employee Coverage Under the FLSA and FLSA Exemptions</u>

  "Under the FLSA, an 'employee' generally means 'any individual employed by an employer.'" <u>Veintimilla v. Sunny Builders NY</u>, No. 22-CV-1446, 2023 WL 2969385, at *6 (E.D.N.Y. Feb. 17, 2023) (quoting 29 U.S.C. § 203(e)(1)).  "In light of [this] broad definition . . . the Second Circuit has found allegations which simply 'state where the plaintiff[] worked, outline [his] position[], and provide [his] dates of employment,' sufficient to support a finding of employee status." <u>Suggs v. Crosslands Transp., Inc.</u>, No. 13-CV-6731, 2015 WL 1443221, at *3 (E.D.N.Y. Mar. 27, 2015) (quoting <u>Dejesus v. HF Mgmt. Servs., LLC</u>, 726 F.3d 85, 91 (2d Cir. 2013)).

  Here, Plaintiff alleges he "was employed by Defendants at 'ABC Corporation' d/b/a/ Attilio Construction . . . as a laborer, construction worker . . . from in or around June 2019 until in or around July 2020." (Compl. ¶¶ 18, 19.)  "It follows, therefore, that for purposes of this default, [Plaintiff] qualifies as an 'employee' under the FLSA." <u>Muratov</u>

v. Mama Shnitzel Inc., No. 22-CV-3785, 2023 WL 5152511, at *7 (July 21, 2023) (quoting Garcia v. Badyna, No. 13-CV-4021, 2014 WL 4728287, at *5 (E.D.N.Y. Sept. 23, 2014)); see also Velu v. Velocity Exp., Inc., 666 F. Supp. 2d 300, 307 (E.D.N.Y. 2009) (stating the "ultimate question is . . . 'whether, as a matter of economic reality, the worker[ ] depend[s] upon someone else's business for the opportunity to render service or [is] in business for [herself]'" (alterations in original) (quoting Godoy v. Rest. Opportunity Ctr. of N.Y., Inc., 615 F. Supp. 2d 186, 193 (S.D.N.Y. 2009))).

Moreover, "the Court does not find any basis for exempting the employment relationship at issue here from the FLSA's provisions." Muratov, 2023 WL 5152511, at *7 (citing 29 U.S.C. § 213(a)), since Plaintiff has adequately pleaded he was employed as a laborer in the construction field, a field "to [which] no statutory exemption applie[s]." Remache, 2018 WL 4573072, at *4.

c) Joint Employer Status Under the FLSA

"The FLSA contemplates that more than one employer may be responsible for violations of the statute." Id. at *5 (quoting Dixon v. Zabka, No. 11-CV-0982, 2014 WL 6084351, at *3 (D. Conn. Nov. 13, 2014)). Indeed, "[a] joint employment relationship can be found where the court finds that a putative joint employer exercises either formal control or functional control over plaintiffs." Id. (citing Barfield v. N.Y.C. Health and Hosps.

Corp., 537 F.3d 132, 142-43 (2d Cir. 2008)).  To determine formal control, courts consider whether the alleged employer: "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." Rosa v. La Officina of Queens, Inc., No. 18-CV-6915, 2023 WL 2745214, at *6 (E.D.N.Y. Mar. 17, 2023) (quoting Carter v. Dutchess Cmty. Coll., 735 F.2d 8, 12 (2d Cir. 1984)), report and recommendation adopted, 2023 WL 2736237 (E.D.N.Y. Mar. 31, 2023).

Here, Plaintiff's factual allegations regarding Cassetta's level of formal control closely track the factors outlined in Carter. (See Compl. ¶¶ 11-16.)  Consequently, Plaintiff has adequately established that Cassetta, in addition to ABC, was Plaintiff's employer.  Cassetta may, therefore, properly be found to be jointly and severally liable for any violations of the FLSA that he or ABC committed.  See Remache, 2018 WL 4573072, at *5 (finding defendants who exercised control over plaintiff workers were plaintiffs' joint employers and, therefore, were "jointly and severally liable for any violations of the FLSA that they or the non-defaulting defendants committed").

2. As to NYLL

"Courts have repeatedly recognized that the NYLL embodies similar standards as the FLSA." Id. at *5. "In fact, the NYLL is significantly more expansive in its coverage of private employers insofar as it 'does not require that a defendant achieve a certain minimum in annual sales or business in order to be subject to the law.'" Id. (quoting Garcia, 2014 WL 4728287, at *6). Consequently, since the Court has already determined Plaintiff sufficiently pled that: (1) ABC is an employer subject to the provisions of the FLSA, and (2) Plaintiff was a non-exempt employee of ABC, the Court finds Plaintiff has also adequately alleged ABC's liability under the NYLL. Accord Muratov, 2023 WL 5152511, at *8; Veintimilla, 2023 WL 2969385, at *6.

Additionally, since courts in this Circuit hold that "the New York Labor Law embodies the same standards for joint employment as the FLSA," Chen v. Street Beat Sportswear, Inc., 364 F. Supp. 2d 269, 278 (E.D.N.Y. 2005) (collecting cases), and since this Court has previously found Cassetta was Plaintiff's joint employer for purposes of any FLSA violations, the Court likewise finds Cassetta was Plaintiff's joint employer under the NYLL; consequently, Cassetta may be held jointly and severally liable for any violations of the NYLL that either he or ABC committed. Accord Remache, 2018 WL 4573072, at *6.

14

C. Violations of the FLSA and NYLL

Having found Plaintiff qualifies for protection under both the FLSA and the NYLL, the Court now turns to whether Plaintiff has established entitlement to a default judgment on any of his substantive claims for relief.

1. Timeliness

As a threshold matter, the Court finds Plaintiff filed his claims within the statutes of limitations under both federal and state law.[2] See 29 U.S.C. § 255(a) (stating that where the cause of action arises "out of a willful violation", the statute of limitations for FLSA claims is three years); NYLL § 198(3) (six-year statute of limitations).  Here, the Court finds the three-year statute of limitations applies to Plaintiff's FLSA claims considering Defendants' default and Plaintiff's allegations that Defendants' FLSA violations were "willful and intentional."  See Wicaksono v. XYZ 48 Corp., No. 10-CV-3635, 2011 WL 2022644, at *3 (S.D.N.Y. May 2, 2011) ("Because the defendant defaulted and the complaint alleges that all of the violations were undertaken 'knowingly, intentionally, and willfully,' the plaintiffs are entitled to a finding that the defendant's conduct was willful, and the three-year statute of limitations will apply"), report and recommendation adopted, 2011 WL 2038973 (S.D.N.Y. May 24, 2011);

_____

[2] Plaintiff filed his Complaint on September 2, 2021, and the earliest date of the complained-of conduct occurred in June 2019.

see also Ms. Wine Shop Inc., 2022 WL 17368867, at *6 n.2 ("When a defendant defaults, the violation is considered 'willful' and the three-year statute of limitations applies" (quoting Rodriguez v. Queens Convenience Deli Corp., No. 09-CV-1089, 2011 WL 4962397, at *2 (E.D.N.Y. Oct. 18, 2011))).

   2. Counts One & Two: Violations of the FLSA and NYLL
      Overtime Provisions

   Pursuant to the FLSA, an employee must "be compensated at a rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of forty per week." Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 200 (2d Cir. 2013) (citing 29 U.S.C. § 207(a)). To establish liability under the FLSA for unpaid overtime, "a plaintiff must prove that he performed work for which he was not properly compensated, and that the employer had actual or constructive knowledge of that work." Kuebel v. Black & Decker Inc., 643 F.3d 352, 361 (2d Cir. 2011) (citing Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 686-87 (1946)). Likewise, "the NYLL establishes certain minimum wage rates and requires that employees be compensated for overtime at 'one and one-half times the employee's regular rate in the manner and methods provided in' the FLSA." Ms. Wine Shop Inc., 2022 WL 17368867, at *6 (quoting N.Y. Comp. Codes R. & Regs. Tit. 12, § 142-2.2)).

Here, Plaintiff alleges that, while employed by Defendants, he regularly worked sixty-nine hours or more per week but was paid a flat rate of $160.00 per day regardless of the number of hours worked in excess of forty. Such compensation arrangements "generally violate[] the overtime requirements of the FLSA and the NYLL[.]" Id. (citing Martinez v. Alimentos Saludables Corp., No. 16-CV-1997, 2017 WL 5033650, at *15 (E.D.N.Y. Sept. 22, 2017)). Plaintiff further alleges that "Defendants had knowledge that Plaintiff . . . performed work requiring overtime pay." (Compl. ¶ 32.) These allegations are sufficient to plead violations of the FLSA and NYLL overtime provisions during the entirety of the period claimed.

3. Count Three: Violation of the Notice and Recordkeeping Requirements of the NYLL

The NYLL requires employers to notify employees, in writing, "at the time of hiring of the rate of pay and of the regular pay day designated by the employer . . . and [to] obtain a written acknowledgement from each employee of receipt of this notice." NYLL § 195(1). "[T]he statutory penalties for violations of Section 195(1) are set forth in Section 198(1-b)[,]" Marin v. Apple-Metro, Inc., No. 12-CV-5274, 2017 WL 4950009, at *37 n.51 (E.D.N.Y. Oct. 4, 2017), report and recommendation adopted as modified, 2020 WL 6157011 (E.D.N.Y. Oct. 21, 2020), which provides for statutory damages "of fifty dollars for each work day that the

17

violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees."  NYLL § 198(1-b).

Here, Plaintiff alleges only that "Defendants failed to provide [him] with a written notice . . . of his rate of pay, regular pay day, and such other information required by NYLL § 195(1)."  (Compl. ¶ 51.)  Since TransUnion LLC v. Ramirez, however, courts in this Circuit have found that such allegations fail to plead sufficient facts so as to establish Article III standing. See 141 S. Ct. 2190 (2021).  In TransUnion, the Supreme Court held that "[o]nly those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court."  Id. at 2205.  As relevant here, courts in this Circuit have found that "plaintiffs lack standing under TransUnion to claim violations of the NYLL wage notice and wage statement provisions where the plaintiff cannot demonstrate a tangible injury as a result of the defendant's violation of these provisions." Huerta v. 101 N. Laundromat Inc., No. 21-CV-6127, 2023 WL 199699, at *2 (E.D.N.Y. Jan. 17, 2023); see also Pastrana v. Mr. Taco LLC, No. 18-CV-9374, 2022 WL 16857111, at *7 (S.D.N.Y Sept. 23, 2022) ("Plaintiffs have not demonstrated how their lack of notice resulted in an injury greater than Defendants' minimum wage, overtime, and spread-of-hours wage violations.  Nor have Plaintiffs identified an informational

injury with consequences beyond this lawsuit.  Accordingly, Plaintiffs cannot recover under NYLL wage notice and statement provisions."), <u>report and recommendation adopted,</u> 2022 WL 16857107 (S.D.N.Y. Nov. 10, 2022); <u>Hernandez v. 99 Thai Playground LLC</u>, No. 19-CV-1257, 2022 WL 18539303, at *7 (S.D.N.Y. Nov. 28, 2022) (finding that where plaintiff "allege[d] only a technical statutory violation, and not a physical, monetary, or cognizable harm", plaintiff "lack[ed] standing for his claims of violations of NYLL § 195(1)(a) and § 195(3)" since plaintiff "was not 'concretely harmed by [Defendants'] statutory violation'") (quoting <u>TransUnion LLC</u>, 141 S. Ct. at 2206)), <u>report and recommendation adopted</u>, 2023 WL 1400626 (S.D.N.Y. Jan. 31, 2023).

In view of the foregoing, the Court finds Plaintiff lacks Article III standing for his claim of violations of NYLL § 195(1)(a).

### 4. <u>Count Four: Violation of the Wage Statement Requirements of the NYLL</u>

For the reasons articulated above, (<u>see</u> <u>supra</u> Part II.C.3), the Court likewise finds Plaintiff's allegation that "Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL § 195(3)[,]" without more, is insufficient to plead Article III standing and, therefore, Plaintiff lacks a basis to bring this claim.  <u>Accord</u> <u>Hernandez,</u>

2022 WL 18539303, at *7.   In turn, Plaintiff is not entitled to a default judgment on this count.

      D. <u>As to Damages</u>

      While the Court has determined that the defaulting Defendants are liable on Counts One and Two of Plaintiff's claims, the Court "must [] conduct an inquiry in order to ascertain the amount of damages with reasonable certainty," <u>Credit Lyonnais Sec. (USA), Inc. v. Alcantara</u>, 183 F.3d 151, 155 (2d Cir. 1999), and must thereby ensure itself that a sufficient basis exists for awarding the damages requested by Plaintiff.   <u>See</u> <u>Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.</u>, 109 F.3d 105, 111 (2d Cir. 1997) (internal quotation omitted).   Therefore, "[e]ven in the absence of a hearing, . . . the district court cannot simply rely on the plaintiff's statement of damages." <u>House v. Kent Worldwide Mach. Works, Inc.</u>, 359 F. App'x 206, 207 (2d Cir. 2010) (citing <u>Transatlantic Marine Claims</u>, 109 F.3d at 111). Rather, "when [a] defendant defaults and is not present to object, damages must be based on admissible evidence."   <u>Id.</u> at 207 (collecting cases); <u>see also</u> <u>Trs. of Metal Polishers Local 8A-28A Funds v. Prestige Restoration and Maint., LLC</u>, 986 F. Supp. 2d 159, 164, 165 (E.D.N.Y. 2013) (finding no error in magistrate judge's recommendation that damages be denied based upon

plaintiff's failure to establish damages through admissible, authenticated evidence).

   1. Form of Proof

   "Generally, an employee-plaintiff under the FLSA 'has the burden of proving that he performed work for which he was not properly compensated.'" Jemine v. Dennis, 901 F. Supp. 2d 365, 376 (E.D.N.Y. 2012) (quoting Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946), superseded on other grounds by The Portal-to-Portal Act of 1947)). However, "[g]iven the statute's remedial purpose and its broader public policy goals, a plaintiff can meet this burden 'through estimates based on his own recollection.'" Id. (quoting Kuebel, 643 F.3d at 362); see also Santillan v. Henao, 822 F. Supp. 2d 284, 293 (E.D.N.Y. 2011) (relying upon plaintiff's "sworn declaration containing information as to hours worked and rates of pay based on estimation and recollection"). Consequently, "[i]t is well-established that [an FLSA] plaintiff[] may generally meet [this] burden to establish [his] entitlement to damages through detailed affidavits in lieu of live testimony." Remache, 2018 WL 4573072, at *6; see also Gunawan, 897 F. Supp. 2d at 83 ("Detailed affidavits and other documentary evidence can suffice in lieu of an evidentiary hearing" (quoting Alcantara, 183 F.3d at 155)). However, "it is plainly within the court's discretion to require more." Remache, 2018 WL 4573072, at *6 (citing Jemine, 901 F. Supp. 2d at 373-74).

Here, in support of his $44,434.53 damages claim, Plaintiff relies primarily upon the allegations in his unverified Complaint, as well as a computation of damages affixed to the declaration of his attorney. (See Support Memo, ECF No. 19, at 12; see also Damages Computation, Ex. F, ECF No. 18-6, attached to Avshalumov Decl.)[3] Such reliance cannot satisfy Plaintiff's burden to establish a sufficient basis exists to award the damages he has requested. Indeed, the Court finds that without a sworn affidavit, or other documentary evidence substantiating Plaintiff's claimed damages, the Court must exercise its discretion and require more from Plaintiff. Consequently, while Plaintiff presently fails to meet his burden of establishing entitlement to damages, in its discretion, the Court grants Plaintiff leave to renew his request for damages, supported by authenticated, admissible evidence substantiating his damages claims.

CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion (ECF No. 17) is GRANTED in part and DENIED in part, such that:

---

[3] Plaintiff contends that Exhibit F is "Plaintiff's itemized calculations of his damages"; however, there is no affidavit from Plaintiff attesting to the fact that he created the exhibit from his own recollection or that the exhibit was created with information that he personally relayed to his attorneys. As such, the numbers contained in the exhibit are unsubstantiated and cannot be verified by the Court.

A. The Motion is GRANTED to the extent Plaintiff has established:
(1) that ABC is an employer subject to the provisions of the
FLSA and NYLL; (2) Defendants are jointly and severally liable
for any violations of the FLSA and the NYLL, and (3) as to
Counts One and Two, Plaintiff has established Defendants'
liability for violations of the FLSA and NYLL Overtime
Provisions; and

B. The Motion is DENIED to the extent Plaintiff (1) has not plead
facts sufficient to establish his Article III standing to
maintain his claims of violations of NYLL § 195(1)(a) and
§ 195(3), and (2) has not established his entitlement to
damages on his surviving FLSA and NYLL overtime claims.  This
denial is without prejudice to Plaintiff renewing his request
for damages in accordance with the Court's directives
articulated herein by no later than October 11, 2023.


                              SO ORDERED.


                              /s/ JOANNA SEYBERT
                              Joanna Seybert, U.S.D.J.

Dated: September 11, 2023
       Central Islip, New York