```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
CRISTOBAL MAXIMO ECHEVARRIA,
individually and on behalf of all
others similarly situated,                       MEMORANDUM & ORDER
                                                 21-CV-4959 (JS)(ARL)
                 Plaintiff,

     -against-

ABC Corporation d/b/a ATTILIO
CONSTRUCTION, and ATTILIO
CASSETTA, as an individual,

                 Defendants.
---------------------------------X
APPEARANCES
For Plaintiff:       Roman M. Avshalumov, Esq.
                     Avraham Y. Scher, Esq.
                     James Patrick Peter O'Donnell, Esq.
                     Helen F. Dalton & Associates, P.C.
                     80-02 Kew Gardens Road, Suite 601
                     Kew Gardens, New York 11415

For Defendants:      No appearances
```

SEYBERT, District Judge:

Presently before the Court is the Affidavit of Cristobal Maximo Echevarria ("Plaintiff") (Damages Aff. Ex. 1, ECF No. 28-1, attached to Reconsideration Motion) submitted in compliance with this Court's September 11, 2023 Memorandum & Order (hereafter the "September Order") which granted in part and denied in part Plaintiff's Motion for Default Judgment (the "Default Motion") (ECF No. 17). Additionally, Plaintiff has filed what the Court construes to be a Motion for Reconsideration of that portion of the September Order which denied, for lack of standing, Counts

Three and Four of Plaintiff's Complaint[1] (the "Reconsideration Motion") (see ECF No. 28). For the reasons that follow, Plaintiff's Reconsideration Motion is GRANTED TO THE EXTENT the Court reconsiders its previous ruling but adheres to its earlier findings. As to Plaintiff's damages, the Court finds Plaintiff's sworn affidavit sufficiently substantiates his overtime and unpaid wages claims.

## BACKGROUND[2]

On September 11, 2023, this Court granted in part and denied in part Plaintiff's Default Motion. (See September Order at 22-23.) Specifically, the Court granted Plaintiff's Default Motion as to Count One (the FLSA Overtime Claim), and Count Two (the NYLL Overtime Claim) (id.) finding Plaintiff had established Defendants' liability on these counts.[3] (Id. at 23.) The Court

---

[1] Counts Three and Four of Plaintiff's Complaint alleged Defendants failed to provide Plaintiff with, inter alia: (1) a written notice of his rate of pay, and regular pay day; and (2) a wage statement upon each payment of wages, both instances constituting violations of the Wage Theft Prevention Act (the "WTPA"). (Hereafter, the Court refers to Counts Three and Four, collectively, as the "WTPA Counts".)

[2] The Court assumes the Parties' familiarity with the factual and procedural background of this case which can be found in the September Order. See Echevarria v. ABC Corp., No. 21-CV-4959, 2023 WL 5880417, at *1-2 (E.D.N.Y. Sept. 11, 2023). The September Order is also available on the Case Docket at ECF No. 21. Terms of art defined in the September Order are hereby incorporated by reference into this Order, familiarity with which is presumed.

[3] Plaintiff further alleged that, in addition to unpaid overtime,

2

denied Plaintiff's Default Motion as to the WTPA Counts finding Plaintiff's Complaint failed to allege a concrete, tangible injury, sufficient for standing purposes in light of the Supreme Court's decision in Transunion LLC v. Ramires.[4] (See id. at 17-20, 23.)

Similarly, notwithstanding the Court's determination Plaintiff's Complaint pled facts sufficient to establish Defendants' liability as to Counts One and Two (id. at 16-17), the Court found that Plaintiff had not sufficiently substantiated his requested damages on these counts (id. at 20-22). Indeed, the Court stated "Plaintiff relie[d] primarily upon the allegations in his unverified Complaint, as well as a computation of damages affixed to the declaration of his attorney" (id. at 22). The Court

---

"during the course of his employment" Defendants underpaid him his wages in the sum of $4,940.00. (September Order at 3.) Plaintiff averred Defendants had "confirmed . . . that they owed [Plaintiff] this amount when Plaintiff's employment ended." (Id.)

[4] The Court highlighted that Plaintiff's Complaint merely alleged technical violations of the WTPA without alleging Plaintiff had suffered a concrete injury greater than Defendants' overtime violations. (September Order at 18-20.) Specifically, in Count Three, Plaintiff alleged "Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL § 195(1)" and, as such "Defendants are liable to Plaintiff in the amount of $5,000.00 each." (Complaint ¶¶ 51-52.) Similarly, in Count Four, Plaintiff merely alleged "Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL § 195(3)" and, that consequently, "Defendants are liable to Plaintiff in the amount of $5,000.00 each." (Id. ¶¶ 54-55.)

3

found such reliance insufficient to satisfy "Plaintiff's burden to establish a sufficient basis" for the damages requested (id.). To that end, the Court provided Plaintiff the opportunity to substantiate and renew his damages request (id. at 23), which Plaintiff did on November 8, 2023.

DISCUSSION

I. Legal Standard

"Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3." United States v. Real Prop. & Premises Located at 249-20 Cambria Ave., Little Neck, N.Y. 11362, 21 F. Supp. 3d 254, 259 (E.D.N.Y. 2014). A motion for reconsideration is appropriate under Rule 59(e) when the moving party believes the Court overlooked important "matters or controlling decisions" that would have influenced the prior decision. Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999). Reconsideration is not a proper tool to repackage and re-litigate arguments and issues already considered by the Court in deciding the original motion. See Colon v. N.Y.C. Hous. Auth., No. 16-CV-4540, 2024 WL 714681, at *4 (S.D.N.Y. Feb. 21, 2024) ("A motion for reconsideration is not an invitation to 'reargue those issues already considered when a party does not like the way the original motion was resolved.'" (quoting Lehmuller v. Inc. Vill. of Sag Harbor, 982 F. Supp. 132, 135 (E.D.N.Y. 1997))). Nor is it

4

proper to raise new arguments and issues. Mikhaylova v. Bloomingdale's Inc., No. 19-CV-8927, 2022 WL 17986122, at *1 (S.D.N.Y. Dec. 29, 2022) ("A motion for reconsideration is not 'an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced.") (quoting Associated Press v. U.S. Dep't of Def., 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005))). Local Rule 6.3 provides that a party moving for reconsideration must "set[] forth concisely the matters or controlling decisions" which the party believes the court has overlooked. Alexander v. JP Morgan Chase Bank, N.A., No. 19-CV-10811, 2024 WL 1193421, at *1 (S.D.N.Y. Mar. 20, 2024). "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Medoy v. Warnaco Empls. Long Term Disability Ins. Plan, No. 97-CV-6612, 2006 WL 355137, at *1 (E.D.N.Y. Feb. 15, 2006) ("The standard . . . is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the Court."); Pickering-George v. Atty. Gen. of U.S., No. 10-CV-1103, 2011 WL 52363, at *1 (E.D.N.Y. Jan. 5, 2011) (Seybert, J.) (same); accord Miller v. Smith, No. 21-CV-2949, 2021

5

WL 5416624, at *1 (E.D.N.Y. Nov. 18, 2021) (Seybert, J.) (same).

## II. Analysis

### A. The Court Grants Plaintiff's Reconsideration Motion But Adheres to its Earlier Ruling

The Court first addresses Plaintiff's Reconsideration Motion. Plaintiff argues his sworn affidavit "serves to substantiate his claims for damages" on Counts Three and Four of his Complaint. (Reconsideration Motion at 3.) In sum, Plaintiff avers:

> I suffered a concrete harm, resulting from my inability to identify my employer to remedy my compensation problems, lack of knowledge about the rates of pay I was receiving and/or should have been receiving for my regular hours and overtime hours, terms, and conditions of my pay, and furthermore, an inability to identify my hourly rate of pay to ascertain whether I was being properly paid in compliance with the FLSA and NYLL. Furthermore, due to Defendants' failure to provide these documents, it prevented me from being able to calculate my hours worked, and proper rates of pay, and determine if I was being paid time-and-a-half for my overtime hours as required by the FLSA and NYLL.

(Id. at 4; see also Damages Aff., ¶ 20.). Plaintiff highlights that a number of courts in this District have "continued to grant damages for wage statement and notice violations." (Id. at 6.)

Notwithstanding the strict standard articulated above, the Court GRANTS Plaintiff's Reconsideration Motion; however, upon review of its prior ruling, finding neither error nor controlling

6

decisions which it overlooked, the Court adheres to its original determination.

The Court acknowledges that, presently, the issue of "whether a violation of the WTPA, by itself, is a concrete injury" sufficient to establish Article III standing "is an open question within the Second Circuit". Yanes v. Juan & Jon Inc., No. 19-CV-0201, 2024 WL 1072034, at *7 n.6 (E.D.N.Y. Mar. 11, 2024) (Seybert, J.). While Plaintiff highlights several district courts have continued to grant damages for informational injuries brought pursuant to the WTPA, many courts have not. See e.g., Sokolovsky v. Silver Lake Specialized Care Ctr., No. 21-CV-1598, 2023 WL 5977298, at *10-11 (E.D.N.Y. Sept. 14, 2023) (Brodie, J) ("To recover for a wage statement violation in federal court, a plaintiff must demonstrate more than just a defendant's contravention of the wage statement provision because 'in suits for damages plaintiffs cannot establish Article III standing by relying entirely on a statutory violation.'" (quoting Maddox v. Bank of N.Y. Mellon Tr. Co., N.A., 19 F. 4th 58, 64 (2d Cir. 2021))); Guthrie v. Rainbow Fencing Inc., No. 21-CV-5929, 2023 WL 2206568, at *5 (E.D.N.Y Feb. 24, 2023) ("[Alt]hough the deficiencies in Defendants' provisions of hiring notices may amount to violations of the labor law, neither Plaintiff nor the record demonstrates how those technical violations led to either a tangible injury or something akin to a traditional cause of

7

action, as required by the Supreme Court." (citing Francisco v. NY Tex Care, Inc., No. 19-CV-1649, 2022 WL 900603, at *7 (E.D.N.Y. Mar. 28, 2022))). In considering this enigmatic issue, this Court has joined other courts in this Circuit that have found "absent a demonstration of a technical violation of the WTPA causing a tangible injury greater than the defendants' minimum wage and overtime violations, a plaintiff lacks standing to bring such claims." Yanes, 2024 WL 1072034, at *7; contra Lipstein v. 20X Hosp. LLC, No. 22-CV-4812, 2023 WL 6124048, at *8 (S.D.N.Y. Sept. 19, 2023) (collecting cases).

The Court reiterates: Plaintiff's Complaint fails to plead facts tending to establish any "downstream consequences" associated with the Defendants' violations of the WTPA beyond the Defendants' overtime violations. Further, to the extent Plaintiff seeks to cure these defects through his Affidavit, he cannot. See J&J Sports Prods., Inc. v. Abdelraouf, No. 18-CV-2547, 2019 WL 457719, at *4 (E.D.N.Y. Feb. 5, 2019) (refusing to consider allegations included in plaintiff's affidavit accompanying a motion for default judgment and stating, "[p]laintiff's assertion that a court may consider documents outside of the pleadings when evaluating a defendant's liability on a motion for default judgment is plainly contradicted by black-letter law"); see also Unitrans Consol., Inc. v. Classic Closeouts, LLC, No. 09-CV-2098, 2010 WL 1265206, at *2 (E.D.N.Y. Mar. 31, 2010) ("[P]laintiff must

8

establish that the facts <u>alleged in the complaint</u> assert a valid cause of action." (emphasis added)).[5]

　　B. <u>Plaintiff's Affidavit, Together With his Earlier Submitted Calculation of Damages Sufficiently Substantiates his FLSA/NYLL Damages</u>

　　　　1. <u>The Unpaid Overtime and Unpaid Wages</u>

As to Counts One and Two, Plaintiff's Affidavit, together with his calculation of damages submitted as part of his Default Motion, suffices to establish his entitlement to overtime wages pursuant to the FLSA and/or the NYLL. Specifically, Plaintiff's Affidavit substantiates the Complaint's allegations

---

[5] Indeed, contrary to what Plaintiff appears to suggest in his Affidavit, the Court did not conclude he was not entitled to damages on the WTPA Counts. (<u>See</u> Reconsideration Motion at 3 (asserting "Plaintiff's sworn Affidavit, submitted herewith, serves to substantiate his claims for damages on" Counts Three and Four).) Instead, in the September Order, the Court found Plaintiff's <u>Complaint</u> failed to plead facts sufficient to establish Plaintiff had standing to pursue these claims. (<u>See</u> September Order at 17-20.) Plaintiff cannot cure these pleading deficiencies through his Affidavit. <u>See</u> <u>J&J Sports Prods.</u>, 2019 WL 457719, at *4 (stating the reason a plaintiff may not cure pleading defects through use of an affidavit "is simple: a default judgment cannot be entered unless a defendant was given adequate notice of the claims alleged by plaintiff [and] notice, in turn, is established by the facts alleged in the complaint" (citing <u>Friedman v. Sharinn & Lipshie, P.C.</u>, No. 12-CV-3452, 2013 WL 1873302, at *3 (E.D.N.Y. Mar. 28, 2013))).

The purpose of directing Plaintiff to file a supplemental affidavit in this case was <u>to substantiate the damages</u> pleaded in Counts One and Two of the Complaint, for which the Court previously found the Complaint adequately alleged facts sufficient to establish Defendants' liability. The Court's directive in this regard was not an invitation to cure pleading defects identified by the Court in the September Order as to the WTPA Counts.

that Plaintiff worked 69 hours per week but was paid a flat fee of $160.00 for all hours worked.⁶ (Damages Aff. ¶ 12.) Consequently, from June 1, 2019, through July 31, 2020, Plaintiff was entitled to compensation at time and a half for the 29 hours worked over 40. (See September Order at 16-17.) This yields a total underpayment of overtime wages of $12,277.27. (See Labor Calculations, Ex. F, ECF No. 18-6, attached to Avshalumov Decl.) Likewise, Plaintiff's Affidavit substantiates his allegations regarding unpaid wages in the sum of $4,940.00 (See Damages Aff. ¶¶ 13-15.) The unpaid wages together with the underpayment of overtime wages totals $17,217.27.

    2.    Liquidated Damages

"Under the FLSA, an employer may be liable for liquidated damages 'in an additional equal amount' to the amount owed for 'unpaid minimum wages, or . . . unpaid overtime compensation.'" Fermin v. Las Delicias Peruanas Rest., Inc., 93 F. Supp. 3d 19, 47 (E.D.N.Y. Mar. 19, 2015) (quoting Begum v. Ariba Discount, Inc., No. 12-CV-6620, 2015 WL 223780, at *2 (S.D.N.Y. Jan. 16, 2015)). To avoid liability for liquidated damages an employer must show

---

⁶ This yields a converted hourly rate of $13.91 per hour. See Leon Neri v. Abi Japanese Rest., Inc., No. 20-CV-0581, 2021 WL 6804252, at *6 (E.D.N.Y. Nov. 29, 2021) ("Under New York regulations, an employee's 'regular hourly rate of pay shall be calculated by dividing the employee's total weekly earnings, not including exclusions from the regular rate, by the lesser of [forty] hours or the actual number of hours worked by that employee during the work week.'" (quoting 12 N.Y.C.R.R. § 146-3.5)).

10

"that the act or omission giving rise to [FLSA liability] was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." Id. (alterations in original).

Similarly, the NYLL provides for additional recovery in the form of liquidated damages for unpaid overtime compensation and regular wages "unless the employer proves a good faith basis for believing that its underpayment of wages was in compliance with the law." Pinzon v. 467 Star Deli Inc., No. 22-CV-6864, 2023 WL 5337617, at *10 (S.D.N.Y. July 31, 2023), report & recommendation adopted, 2023 WL 5334757 (S.D.N.Y. Aug. 18, 2023) (quoting Xochimitl v. Pita Grill of Hell's Kitchen, Inc., No. 14-CV-0234, 2016 WL 4704917, at *15 (S.D.N.Y. Sept. 8, 2016), report & recommendation adopted, 2016 WL 6879258 (E.D.N.Y. Nov. 21, 2016)); see also Fermin, 93 F. Supp. 3d 19, 47 ("Under the NYLL, 'liquidated damages are presumed unless defendants can show subjective good faith.'" (quoting Zubair v. EnTech Eng'g, P.C., 900 F. Supp. 2d 355, 360 n.3 (S.D.N.Y. 2012))).

Notwithstanding a plaintiff may establish a right to liquidated damages under both the FLSA and the NYLL, he "cannot recover twice for the same minimum wage/overtime violations under both federal and state law." Ramos v. Guaba Deli Grocery Corp., No. 20-CV-4904, 2021 WL 5563714, at *11 (S.D.N.Y. Nov. 29, 2021) (quoting Vasquez v. NS Luxury Limousine Serv., Ltd.,

11

No. 18-CV-10219, 2021 WL 1226567, at *14 (S.D.N.Y. Mar. 31, 2021)). "Instead, a plaintiff should recover 'under the statute that provides the greatest relief.'" Id. (quoting Almanzar v. 1342 St. Nicholas Ave. Rest. Corp., No. 14-CV-7850, 2016 WL 8650464, at *9 (S.D.N.Y. Nov. 7, 2016) (internal citation omitted)).

In his Default Motion, Plaintiff asserted a right to recover liquidated damages under both the FLSA and NYLL based upon the Defendants' willful default and failure to appear. (Default Support Memo, ECF No. 19, at 15-17.) In the September Order, the Court concurred with Plaintiff that Defendants' default was willful when it applied the three-year statute of limitations to Plaintiff's FLSA claims; likewise, here, the Court agrees with Plaintiff's contention that Defendants' failure to appear means that they cannot meet their burden in establishing the good faith necessary to avoid an award of liquidated damages. See Pinzon, 2023 WL 5337617, at *10 ("Having defaulted, Defendants have not carried their burden of demonstrating good faith under the NYLL."); Fermin, 93 F. Supp. 3d at 47 ("As Defendants have not appeared, they have not established good faith to rebut the liquidated damages presumption."). Hence, the Court finds Plaintiff is entitled to liquidated damages under both the FLSA and NYLL. In similar situations, where liability is established under both laws but where plaintiff cannot enjoy a double recovery, courts generally award a plaintiff liquidated damages under the NYLL since

12

the NYLL "allows a plaintiff to recover both liquidated damages and prejudgment interest." Ramos, 2021 WL 5563714, at *12 (collecting cases). Consequently, the Court will award Plaintiff liquidated damages in an amount equal to the principal sum of his unpaid wages, to wit, $17,217.27.

### 3. Pre-Judgment Interest

As previously highlighted, "the NYLL permits the award of both liquidated damages and pre-judgment interest." Fermin, 93 F. Supp. 3d at 48 (citing Begum, 2015 WL 223780, at *3). "This dual availability occurs because New York State views liquidated damages as punitive, and not compensatory, such that pre-judgment interest is not a duplicative damages award." Id. (citing Janus v. Regalis Constr., Inc., No. 11-CV-5788, 2012 WL 3878113, at *8-9 (E.D.N.Y. July 23, 2012), report & recommendation adopted, 2012 WL 3877963 (E.D.N.Y. Sept. 4, 2012)). Under New York law, a plaintiff "is entitled to interest on all wages awarded, calculated at a rate of 9% per annum." Cisneros v. Zoe Constr. Corp., No. 21-CV-6579, 2023 WL 5978702, at *14 (E.D.N.Y. Aug. 10, 2023) (citing N.Y. C.P.L.R. § 5004). "Where . . . violations of the NYLL occur over an extended period . . . courts have discretion to calculate pre-judgment interest 'upon all of the damages from a single reasonable intermediate date.'" Id. (citing N.Y. C.P.L.R. § 5001(b)); see also Ramos, 2021 WL 5563714, at *12 ("Courts in this District have generally calculated prejudgment interest from

13

'a singular, midpoint date and by multiplying the principal by the interest rate by the time period—from a singular, midpoint date—up until and including the date judgment is entered.'" (quoting Soto v. Los Corbaticas Deli Grocers II Corp., No. 18-CV-3602, 2018 WL 4844018, at *7 (S.D.N.Y. Oct. 5, 2018) report & recommendation adopted, 2018 WL 6173713 (S.D.N.Y. Nov. 23, 2018))).

Plaintiff sought an award of pre-judgment interest in his Complaint but failed to specify the date from which he seeks such pre-judgment interest.[7] Consequently, the Court will calculate pre-judgment interest from the approximate midpoint (December 30, 2019) between Plaintiff's first (June 1, 2019) and last (July 31, 2020) day of employment. Since the principal amount owed in unpaid wages totals $17,217.27, Plaintiff is entitled to 9% interest on this figure from December 30, 2019, until the date that judgment is entered.

4. Post-Judgment Interest

Section 1961(a) of Title 28 of the United States Code states: "Interest shall be allowed on any money judgment in a civil case recovered in a district court . . . calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield . . . for the calendar

---

[7] Likewise, Plaintiff failed to include a calculation of pre-judgment interest in either his damages calculations or supplemental affidavit.

14

week preceding the date of the judgment." "The very language of 28 U.S.C. § 1961 ensures that an award of post-judgment interest is mandatory in any civil case where money damages are recovered." Keybank Nat'l Assoc. v. Nour Limo, Inc., No. 22-CV-1894, 2024 WL 1230232, at *7 (E.D.N.Y. Mar. 22, 2024) (quoting Campos Marin v. J&B 693 Corp., No. 19-CV-0569, 2022 WL 377974, at *13 (S.D.N.Y. Jan. 21, 2022)).

Plaintiff's request he be awarded post-judgment interest is therefore granted.

## CONCLUSION

For the stated reasons, **IT IS HEREBY ORDERED that** the Clerk of Court is directed to enter judgment in Plaintiff's favor. Plaintiff's damages are as follows:

1. $12,277.27 in unpaid overtime wages;
2. $4,940.00 in unpaid wages;
3. $17,217.27 in liquidated damages awarded pursuant to the NYLL;
4. Pre-judgment interest on the unpaid overtime ($12,277.27) and unpaid wages ($4,940.00) at a rate of 9% from December 30, 2019, until the date of judgment; and
5. Post-judgment interest at the applicable rate.

**IT IS FURTHER ORDERED** that, once Judgment have entered, the Clerk of the Court is directed to mark this case closed.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: April 16, 2024
      Central Islip, New York